# MAZIE SLATER KATZ & FREEMAN, LLC

103 Eisenhower Parkway, Suite 207, Roseland, NJ  07068
Phone: (973) 228-9898 - Fax: (973) 228-0303
www.mazieslater.com

**Writer's Direct Dial**:  973-228-0151
**Writer's Email**:  ekatz@mazieslater.com

David A. Mazie*
Adam M. Slater*°
Eric D. Katz*°
David M. Freeman
Beth G. Baldinger
Matthew R. Mendelsohn°
David M. Estes

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

°Member of N.J. & N.Y. Bars

Karen G. Kelsen°
Cheryll A. Calderon
Adam M. Epstein°
Cory J. Rothbort*°
Michael R. Griffith°
Christopher J. Geddis
Alexander Q. Reynoso
Samuel G. Wildman
Julia S. Slater°

July 7, 2026

## Via ECF & Lawyers Service

| | |
|---|---|
| Hon. Susan D. Wigenton, U.S.D.J. | Hon. Cari Fais, U.S.M.J. |
| Martin Luther King Bldg. & Courthouse | Lautenberg U.S. P.O. & Courthouse |
| 50 Walnut Street, Rm. 4015 | 50 Walnut Street |
| Newark, NJ 07101 | Newark, NJ 07101 |

Re:    *United Healthcare Serv. v. Sood Med. Prac., LLC*, No. 2:26-cv-02921
**New Districtwide Stay of NSA Actions pending 3d Cir**. **Appeal**

Dear Judges Wigenton and Fais:

We represent Defendant Sood Medical Practice, LLC ("Sood Medical") in the above-captioned matter.  We write in light of Chief Judge Bumb's <u>new</u> districtwide stay of No Suprises Act ("NSA") actions pending a Third Circuit appeal and submit that this action should be subject to the new stay and litigation should await that appeal's outcome.

To recap, Plaintiff United Healthcare Services ("UHC") sued Sood Medical for "fraud" because Defendant's contractor submitted a claim to NSA's independent dispute resolution ("IDR") mechanism that was allegedly "ineligible" and so causing

1

UHC to incur a $715 filing fee. (D.E. 1). On March 25th, this Court *sua sponte* stayed this action under Chief Judge Bumb's January 16th Order staying NSA actions pending adjudication of a motion to dismiss in the designated "lead case" at that time (D.E. 4). After UHC objected to the March 25th stay in the case-at-bar (D.E. 8 to 14), the Court conducted a conference on May 19th and later entered a briefing schedule for the forthcoming motion to dismiss, which accommodated the expected decision in the newly-selected "lead case," *East Coast Plastic Surgery PLLC PA v. Aetna Life Ins. Co.*, No. 2:25-cv-15052 (BRM) (LDW) (D.E. 21) ("*East Coast*").

After that conference and scheduling order, there have been additional developments applicable to NSA cases pending in this District. The Third Circuit is hearing a consolidated appeal of NSA decisions from the District of Delaware, which *inter alia* followed the holding in *Guardian Flight v. Health Care Serv.*, 140 F.4th 271, 275-77 (5th Cir. 2025), *cert. denied*, No. 25-441 (U.S. Jan. 12, 2026) that there is no federal cause of action or jurisdiction over NSA actions. Consequently, Judge Bumb on June 15th entered a <u>new</u> districtwide stay and administrative termination on all pending NSA matters – including the *East Coast* "lead case" – until entry of the Third Circuit's *SpecialtyCare* decision. The new stay order states:

> **WHEREAS** … plaintiff requested that all NSA cases seeking to enforce [IDR] awards in this District, including this Lead Case, be stayed and administratively terminated without prejudice pending the United States Court of Appeals for the Third Circuit's adjudication of consolidated appeals in *SpecialtyCare Inc., et al. v. Cigna*

*Healthcare Inc.*, No. 26-1768 (3d Cir.) and *SpecialtyCare Inc., et al. v. UMR Inc.*,[1] No. 26-1769 (3d Cir.) (ECF 18); and

**WHEREAS** "[i]n the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976); and

**WHEREAS** the Court finds that a stay would promote the interests of judicial and party economy as the consolidated *SpecialtyCare* Third Circuit appeals may address the threshold issue being briefed in the Lead Case – *i.e.*, whether plaintiffs can enforce Independent Dispute Resolution awards under federal and/or state law….

*See* 6/15/26 Stay Order in *East Coast*, No. 2:25-cv-15052, at D.E. 40.

The questions presented in the *SpecialtyCare* appeal ask whether the NSA, FAA or ERISA provide federal jurisdiction and/or a federal right of action. *See* Aplts. Br. in *SpecialtyCare*, No. 26-1768 (3d Cir., filed 6/15/26), at D.E. 20-1, pg. 4-5. And that appeal involves issues that overlap with those here, including UHC's challenge in its Complaint to the NSA IDR process, IDR entities, and HHS's administrative remedies. If the Third Circuit rules that NSA IDRs are subject to FAA's mechanisms – and so limits collateral attacks on arbitration awards – that too would foreclose this type of state-law fraud action that UHC filed here. *Id*. The

---

[1]    A respondent in the *SpecialtyCare* appeal is UMR, Inc., who a UnitedHealthcare entity, and an affiliate of the Plaintiff here, UHC.

Third Circuit will also be presented with the sufficiency, and significance, of the administrative remedies available before HHS, *id*. at pgs. 32, 35, which implicates a threshold impediment to UHC's suit here (dismissal for failure to exhaust administrative remedies/lack of ripeness). And there is more.

In sum, because UHC's NSA-related action against Sood Medical involves issues and claims overlapping with those pending in the Third Circuit *SpecialtyCare* appeal, Defendant Sood Medical submits that this action should also be subject to that stay, including for the reasons articulated in its earlier opposition to UHC's objections to the 1st stay (D.E. 11 & 14).

Thank you for Your Honors' courtesies and consideration.

Respectfully submitted,

*/s/ Eric D. Katz*

ERIC D. KATZ

cc: Plaintiff's Counsel (*via ECF only*)