**Blake T. Denton**
Direct Dial: +1.212.906.1239
blake.denton@lw.com

1271 Avenue of the Americas
New York, New York  10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

July 13, 2026

**<u>VIA ECF</u>**

The Honorable Susan D. Wigenton
U.S. District Judge for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, New Jersey 07101

The Honorable Cari Fais
U.S. Magistrate Judge for the District of New Jersey
Frank Lautenberg Post Office & U.S. Courthouse
2 Federal Square
Newark, New Jersey 07102

> RE:   *United Healthcare Services, Inc. v. Sood Medical Practice, LLC*,
> No. 2:26-cv-02921-SDW-CF (D.N.J.), Plaintiff's Response to Defendant's
> Letter to Court re Requested New Stay of Litigation Pending Third Circuit Appeal
> <u>(ECF No. 29)</u>

Dear Judge Wigenton and Judge Fais:

Pursuant to this Court's July 9, 2026 Order, Plaintiff United Healthcare Services, Inc. ("United") respectfully submits this response to Defendant Sood Medical Practice, LLC's ("Sood") July 7, 2026 letter requesting that this case be re-stayed pending the Third Circuit's decision in the consolidated *SpecialtyCare* appeals (ECF No. 29).  The request should be denied.

This case was stayed on March 25, 2026, pursuant to the January 16, 2026 Lead Case Stay Order.  Following United's appeal of the stay in this case, this Court conducted a hearing on May 19, 2026, after which the Court lifted the stay and the parties agreed to a briefing schedule for Sood's motion to dismiss.  *See* ECF No. 21 (Order Setting Deadlines as to Defendant's Motion to Dismiss).  For the same reasons United opposed the original stay, and for the additional reasons set forth below, United opposes Sood's request for a "re-stay" of this matter.

Contrary to Sood's assertions, the June 15, 2026 order re-staying the substitute Lead Case does not justify re-staying this case.  That order was predicated on the possibility that the *SpecialtyCare* appeals would address "whether plaintiffs can enforce Independent Dispute Resolution awards under federal and/or state law."  *See E. Coast Plastic Surgery PLLC PA v. Aetna Life Ins. Co.*, No. 2:25-cv-15052-BRM-LDW, ECF No. 40 (D.N.J. June 15, 2026).  That is

LATHAM&WATKINS LLP

not the issue here.  United is not a medical provider seeking to enforce an IDR award; it is an insurer seeking damages and injunctive relief for Sood's fraud in submitting a facially ineligible Medicare claim to the IDR process.  Sood has offered no new basis for re-staying this case, and its assertion that the *SpecialtyCare* appeals involve "overlapping" issues with this case is frivolous. Indeed, Sood entirely mischaracterizes the scope of the *SpecialtyCare* appeals, vastly overstating the issues actually before the Third Circuit.  The sole issue identified by the appellants as being raised on appeal is "[w]hether a party to the dispute resolution process has a private cause of action to confirm/enforce an award under the No Surprises Act in federal court."  *SpecialtyCare Inc. v. Cigna Healthcare, Inc.*, No. 26-1768, ECF No. 9-1 (3d Cir. Apr. 29, 2026); *SpecialtyCare Inc. v. UMR, Inc.*, No. 26-1769, ECF No. 8-1 (3d Cir. Apr. 29, 2026) (same).  As was previously argued, whether state or federal law provides a right to *enforce* IDR awards has no bearing on United's fraud claim challenging the *improper initiation* of the IDR process.

In any event, Sood has failed entirely to carry its burden of demonstrating that a stay is justified.  *See Konopca v. Comcast Corp.*, 2016 WL 1645157, at *3 (D.N.J. Apr. 26, 2016) ("The party seeking a stay of civil litigation bears the burden to show that the stay would be appropriate.").[1]  Among other things, "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward."  *CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131, 139 (3d Cir. 2004) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). That is, Sood "must state a clear countervailing interest to abridge [United's] right to litigate."  *See id.*  Yet Sood has failed to make out *any* case of hardship or inequity if this case moves forward on the ordered briefing schedule.  *See Akishev v. Kapustin*, 23 F. Supp. 3d 440, 447 (D.N.J. 2014) ("[T]he mere existence of concurrent litigation is not, without more, sufficiently onerous to establish 'clear' hardship or 'inequity' for Defendants.").  Indeed, Sood *cannot* show hardship or inequity as the current briefing schedule *already* contemplates an opportunity for the parties to address the impact, if any, of any decision in the Lead Case.  *See* ECF No. 21 (Order Setting Deadlines as to Defendant's Motion to Dismiss).  Accordingly, permitting the briefing to proceed at this stage would cause no prejudice to either party.

United respectfully requests that the Court again decline Sood's request for a stay and allow the case to proceed on the current briefing schedule.

Sincerely,

*/s/* Blake T. Denton
Blake T. Denton
of LATHAM & WATKINS LLP

cc:    All counsel of record (via ECF)

---

[1] Though Sood improperly faulted United for failing to do so before, Sood's letter does not "even bother to brief or address the 'stay' factors applied in this Circuit."  *See* ECF No. 11 at 2.