**Blake T. Denton**
Direct Dial: +1.212.906.1239
blake.denton@lw.com

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200 Fax: +1.212.751.4864
www.lw.com

LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES
Austin Milan
Beijing Munich
Boston New York
Brussels Orange County
Chicago Paris
Dubai Riyadh
Düsseldorf San Diego
Frankfurt San Francisco
Hamburg Seoul
Hong Kong Silicon Valley
Houston Singapore
London Tel Aviv
Los Angeles Tokyo
Madrid Washington, D.C.

September 9, 2026

**VIA ECF**
The Honorable Susan D. Wigenton
U.S. District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, New Jersey 07101

RE: *United Healthcare Services, Inc. v. Sood Medical Practice, LLC*, No. 2:26-cv-02921-SDW-CF (D.N.J.), Plaintiff's Response to Defendant's notice of *Supplemental Authority i/s/o Defendant's Motion to Dismiss* (ECF No. 37)

Dear Judge Wigenton:

Plaintiff United Healthcare Services, Inc. ("United") respectfully submits this response to the notice of *Supplemental Authority i/s/o Defendant's Motion to Dismiss* (ECF No. 37, the "Notice") filed by Defendant Sood Medical Practice, LLC ("Sood") on September 2, 2026.

The Court should disregard the Notice as procedurally improper and wholly irrelevant to the pending motion to dismiss. Having already advanced wide-ranging arguments in its motion and reply, Sood now improperly seeks to introduce yet additional materials, including a series of Substack articles and a press release by non-party physician groups, none of which are relevant to the legal issues before this Court or will assist the Court in resolving the pending motion. Notices of supplemental authority are appropriate only for "pertinent and significant authorities" that "come to a party's attention after the party's brief has been filed." *Atkins v. Capri Training Ctr., Inc.*, 2014 WL 4930906, at *10 (D.N.J. Oct. 1, 2014). Sood's Notice fails on both counts.

First, the seven sources cited in Sood's Notice are neither pertinent nor significant to the legal issues before this Court. United asserts that Sood fraudulently submitted a Medicare claim to the Independent Dispute Resolution ("IDR") process. *See* United's Opposition to Sood's Motion to Dismiss (ECF No. 35) at 6, 16. This Court must decide (1) whether the Court has subject-matter jurisdiction and (2) whether United states a claim for fraud. Sood submitted its purported authorities to make the *factual* argument that "the ongoing problems with the NSA IDR are not one-sided." Notice at 4. But whether policy debates about the IDR process are "one-sided" has no bearing on the pending motion. *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) ("The proper place to resolve factual disputes is not on a motion to dismiss, but on a motion for summary judgment."). Sood cannot escape liability for fraud by pointing to collateral policy opinions, and the Notice should be disregarded on that basis alone.

Second, Sood's Notice is untimely. Although styled as a Notice of "Supplemental Authority," six of the seven sources cited predate Sood's own reply brief, filed August 21, 2026.[1] Tellingly, five of the seven supplemental materials are simply additional Substack articles published by Patrick Velliky or Wendell Potter, the latter of whom Sood already quoted extensively in its motion to dismiss. *See* Sood's Brief in Support of Its Motion to Dismiss (ECF No. 33-1) at 2-3. Sood has made no showing that these sources, some of which predated the filing of Sood's reply by months,[2] came to its attention only after it filed its motion to dismiss and reply. *Contra Atkins*, 2014 WL 4930906, at *10 (requiring that supplemental authorities "come to a party's attention after the party's brief has been filed"); *see also Smith v. Johnson & Johnson*, 2008 WL 5427802, at *2 (D.N.J. Dec. 30, 2008) (considering supplemental authority only "[t]o the extent that the authority . . . was not available when the original briefs were filed").

Even if these materials did bear on the issues before this Court, which they do not, Sood should not be permitted to rely on them now. By raising these materials at this late stage, Sood is seeking a second bite at the apple through what amounts to an unauthorized sur-reply brief, in violation of Local Civil Rule 7.1(d)(6). These tactics should be rejected.

Accordingly, United respectfully requests that the Court disregard the Notice in its entirety.

Sincerely,

*s/ Blake T. Denton*
Blake T. Denton (N.J. Bar No. 029002008)

cc: All counsel of record (via ECF)

---

[1] The only "authority" that post-dates Sood's reply is an August 27, 2026 press release issued by three non-party medical groups. *See* Notice at 2 (citing "ACEP, ACR & ASA, *Health Affairs Article IDR 'Cost' Claim Inflated Due to Reliance on Flawed QPA Benchmar*k (Aug. 27, 2026)"). Sood's assertion that this non-party press release can appropriately be considered on a motion to dismiss because it "challenged the factual assertions made by Plaintiff in this action (including the Health Affairs report that Plaintiff relies on)," Notice at 2, is unavailing. Sood will have the opportunity to explore relevant "factual assertions" in discovery. The cited press release, like the other sources Sood cites in its Notice, has no bearing on the legal issues raised by the pending motion to dismiss.

[2] Sood's Notice incorrectly lists a future publication date—October 10, 2026—for one of the Substack articles it cites. *See* Notice at 3 n.2. The actual publication date appears to be October 8, 2025, more than ten months before Sood filed its reply in this action.