**Blake T. Denton**
Direct Dial: +1.212.906.1239
blake.denton@lw.com

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200 Fax: +1.212.751.4864
www.lw.com

LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES
Austin
Beijing
Boston
Brussels
Chicago
Dubai
Düsseldorf
Frankfurt
Hamburg
Hong Kong
Houston
London
Los Angeles
Madrid
Milan
Munich
New York
Orange County
Paris
Riyadh
San Diego
San Francisco
Seoul
Silicon Valley
Singapore
Tel Aviv
Tokyo
Washington, D.C.

November 16, 2026

**VIA ECF**
The Honorable Susan D. Wigenton
U.S. District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, New Jersey 07101

RE: *United Healthcare Services, Inc. v. Sood Medical Practice, LLC*, No. 2:26-cv-02921-SDW-CF (D.N.J.), Plaintiff's Response to Defendant's *Second Supplemental Authority i/s/o Defendant's Motion to Dismiss* (ECF No. 39)

Dear Judge Wigenton:

Plaintiff United Healthcare Services, Inc. ("United") respectfully submits this response to the *Second Supplemental Authority i/s/o Defendant's Motion to Dismiss* (ECF No. 39, the "Second Notice") filed by Defendant Sood Medical Practice, LLC ("Sood") on November 9, 2026.

Like Sood's first notice of supplemental authority in support of its motion to dismiss (ECF No. 37, the "First Notice"), the Second Notice seeks improperly to distract the Court with argument that problems with the No Surprises Act ("NSA") are not "one-sided." *See* First Notice at 4; Second Notice at 6. As United has explained, that factual argument has no bearing on the only two questions before the Court: (1) whether the Court has subject-matter jurisdiction, and (2) whether United states a claim for fraud. ECF No. 38 (the "First Response") at 1. To the extent Sood seeks to dispute the facts alleged in the Complaint, a motion to dismiss is not the time or place to do so, as "[t]he proper place to resolve factual disputes is . . . on a motion for summary judgment." *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022). And by once again pairing new materials with argument, Sood converts its Second Notice into an unauthorized sur-reply in violation of Local Civil Rule 7.1(d)(6). *See* First Response at 2. The Second Notice should be disregarded.

In any event, the Second Notice provides no additional basis to support dismissal: the two decisions it attaches are plainly distinguishable from the present case, and the third purported authority, a New York Times article, is unrelated to the claims in this case.

First, *Anthem Health Plans of Virginia v. AGS Health*, 2026 WL 2942234 (W.D. Va. Sept. 30, 2026) ("*AGS*"), is inapposite because it involved a sweeping alleged scheme in which the plaintiffs sought to "unwind" IDR awards arising from "thousands" of disputes—particularly ones in which ineligibility turned on the application of Virginia's balance-billing law—and

LATHAM&WATKINS LLP

asserted ten counts, including claims for RICO conspiracy, violation of ERISA, and vacatur of IDR awards. *Id.* at *2–3, *5. The *AGS* court held that those claims would require it "to invalidate or disregard the payment determinations, and to award damages or other relief based on those payment awards." *Id.* at *4. This case, by contrast, involves a single ineligible Medicare Advantage submission. *See* ECF No. 35 ("Opp.") at 6, 15–16. United does not ask this Court to reexamine the IDRE's payment determination on that award or to unwind any award; rather, it seeks damages for the IDRE and administrative fees it was forced to incur when Sood's false attestation invoked a process for which the single claim at issue was never eligible. *See id.* at 16, 23, 35–36. The volume, vacatur, and damages concerns that drove *AGS* are thus absent here.

Second, *Arizona Physicians IPA Inc. v. IAS Arizona PLLC*, 2026 WL 3082464 (D. Ariz. Oct. 15, 2026) ("*IAS*"), is also distinguishable. In *IAS*, the court concluded that there was no substantial federal issue because the fraud claim did "not require an analysis of competing legal interpretations of the NSA." *Id.* at *3. Not so here. United and Sood disagree on the construction of federal law, including whether the NSA draws any material distinction between "qualified" and "eligible" claims. *Compare* ECF No. 33-1 ("Mot.") at 34 (Sood arguing that "[t]hese terms of art are not synonyms"), *with* Opp. at 33–34 (United interpreting the NSA to draw no material distinction because, "[w]hether framed as 'eligibility' or 'qualification,' the attestation falsely represented that the claim belonged in the IDR process when it plainly did not"). This disagreement is material: Sood contends that its attestation was not fraudulent at all because it represented only that the claim was "qualified," not that it was "eligible." *See* Mot. at 34 (arguing that "the attestation is not a misrepresentation of a material fact" because it "only addresses qualification"); ECF No. 36 at 13 (arguing that "[a] statement that a claim 'qualifies' for the NSA has absolutely nothing to do with whether it is 'eligible'"). Whether Sood made a false representation thus turns on how the NSA's terms are construed, and resolving United's claims therefore requires precisely the analysis of competing interpretations of the NSA that was absent in *IAS*.

Moreover, Sood's overbroad reading of these cases further highlights the constitutional problem with its position. If accepted, Sood's framing—that federal courts "lack authority to hear or decide . . . 'NSA fraud' cases against healthcare providers," Second Notice at 5—would strip United of its constitutional right to be heard in an Article III court. *See* Opp. at 10–12 (citing *SEC v. Jarkesy*, 603 U.S. 109, 128 (2024)); *id.* at 12–13 (explaining that the constitutional avoidance canon forecloses Sood's reading of the NSA). This Court should decline to adopt a reading of the NSA that would produce that result.

Finally, the New York Times article attached to the Second Notice is not "pertinent and significant" authority and should be disregarded. *See Atkins v. Capri Training Ctr., Inc.*, 2014 WL 4930906, at *10 (D.N.J. Oct. 1, 2014). The article concerns insurers' purported nonpayment of certain IDR awards, which does not bear on whether Sood fraudulently attested that the single Medicare Advantage claim at issue here was eligible for IDR.[1]

---

[1] Sood's insertions of "[UnitedHealthcare]" into quoted passages of the article that do not mention United are blatantly misleading, and such insertions cannot tie the article to the issues raised by

LATHAM & WATKINS LLP

Accordingly, United respectfully requests that the Court disregard the Second Notice in its entirety.

Sincerely,

*s/ Blake T. Denton*
Blake T. Denton (N.J. Bar No. 029002008)

cc: All counsel of record (via ECF)

---

the pending motion to dismiss. *See, e.g.*, Second Notice at 7 ("insurers [UnitedHealthcare] who do not pay awards"). Whether insurers have paid IDR awards in unrelated disputes has no bearing on whether Sood's eligibility attestation for the single claim at issue here was fraudulent.